# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER EDELBACHER,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>    Respondent. | Case No. 1:17-cv-00636-AWI-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(ECF No. 14) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2017, the Magistrate Judge issued Findings and Recommendation to convert Petitioner's habeas petition to a civil rights action under 42 U.S.C. § 1983. (ECF No. 14). On June 26, 2017, Petitioner filed timely objections to the Findings and Recommendation. (ECF No. 15).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the matter. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

In his objections, Petitioner concedes "that habeas corpus is not the proper vehicle for the subject of this matter." (ECF No. 15 at 1). However, Petitioner also contends that § 1983 is not the proper vehicle. Rather, Petitioner requests that his habeas petition be converted to a petition for writ of mandamus. (ECF No. 15 at 2). The federal mandamus statute provides: "The district

courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power [in the nature of mandamus or prohibition] to compel action by state officials . . . ."). The extraordinary remedy of mandamus is not available in the instant case because the California Board of Parole Hearings, the named Respondent, is not an officer, employee, or agency of the United States, and the Court lacks jurisdiction to compel action by California state officials pursuant to 28 U.S.C. § 1361.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on June 5, 2017 (ECF No. 14) is ADOPTED.

2. Within **TWENTY-ONE (21) days** from the date of service of this order, Petitioner shall notify the Court whether he would like to:

    a. convert his habeas petition to a § 1983 civil rights action, which would require Petitioner to pay the full $350 filing fee by way of deductions from income to Petitioner's trust account; OR

    b. voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action, subject any statute of limitations issues.

3. If Petitioner fails to notify the Court, the instant habeas action will be dismissed without prejudice to Petitioner refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated:   July 21, 2017                                        _____
                                                              SENIOR DISTRICT JUDGE